IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **SK NOLANA, LLC** | § | |
| *Plaintiff,* | § | |
| v. | § | |
| **ACCREDITED SURETY AND CASUALTY COMPANY, INC.** | § | **CIVIL ACTION NO.: 7:26-cv-111** |
| *Defendant.* | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Accredited Surety and Casualty Company, Inc. ("Accredited" or "Defendant"), files this Notice of Removal and in support thereof, respectfully shows the Court as follows:

### I. PROCEDURAL BACKGROUND

1. On January 21, 2026, Plaintiff, SK Nolana, LLC (hereinafter "SK" or "Plaintiff"), filed its Original Petition ("Plaintiff's Petition") and initiated an action against Accredited in the 476th Judicial District Court of Hidalgo County, Texas, under Cause No. C-0313-26-M (the "State Court Action"). *See* Exhibit "B" attached hereto.

2. On February 2, 2026, Accredited was served with a copy of Plaintiff's Original Petition. *See* Exhibits "C" and "E" attached hereto. Accredited timely filed its answer in the State Court Action on February 20, 2026. *See* Exhibit "D" attached hereto.

3. Accredited hereby timely files this Notice of Removal on the basis of diversity jurisdiction because Plaintiff and Accredited are completely diverse, and the amount in

controversy exceeds $75,000. This Notice of Removal has been filed on March 3, 2026 which is within the thirty-day statutory time period for removal under 28 U.S.C. § 1446(b).

## II.   DIVERSITY JURISDICTION

4. Plaintiff's Petition alleges as follows: "[T]he property made the basis of the suit is located in Hidalgo County, Texas and facts giving rise to Plaintiff's causes of action occurred in Hidalgo County, Texas." *See* Exhibit "B" at ¶ 4. Plaintiff's property in Hidalgo County, Texas is within the jurisdiction of the McAllen Division of the United States District Court for the Southern District of Texas.

5. Diversity jurisdiction under 28 U.S.C. § 1332 is proper in this matter because this is a civil action where complete diversity of citizenship exists between all parties, and the amount-in-controversy requirement is met because "Plaintiff sues for monetary relief in excess of $1,000,000.00" from Defendant. *See* Exhibit "B" at ¶ 3.

**A.**   *The Parties are Completely Diverse.*

6. Complete diversity of citizenship exists between Plaintiff and Defendant because Plaintiff is a citizen of Texas, and Defendant is a citizen of Florida.

7. Plaintiff pleads that Plaintiff "is a Texas limited liability company with its principal place of business in Hidalgo County, Texas." *See* Exhibit "B" at ¶ 1. However, because Plaintiff is an LLC, the principal place of business is not relevant for purposes of diversity jurisdiction. Based on publicly available information on file with the Texas Secretary of State, there are two members of Plaintiff's LLC. The first member listed is Shakeel A. Khatri, with a listed mailing address of 23609 Dolci Lane, Richmond, TX, 77406. The second member listed is Shahid Khimani, with a listed mailing address of 4800 Blaffer St., Houston, TX, 77026. Accordingly, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction. *See Soaring Wind Energy,*

*L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 750 (5th Cir. 2020) ("[F]or diversity jurisdictional purposes, the citizenship of a LLC is determined by the citizenship of all its members. . . ." (quotes and citation omitted)).

8. Defendant, Accredited Surety and Casualty Company, is incorporated in Florida and maintains a principal place of business in Florida. Therefore, Defendant is a citizen of Florida for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) (". . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . .").

9. Accordingly, the Parties are completely diverse because Plaintiff is a citizen of Texas, and Defendant is a citizen of Florida. *See* 28 U.S.C. § 1332(a)(1).

**B.** *The Amount in Controversy Exceeds $75,000.00.*

10. The "matter in controversy" under 28 U.S.C. § 1332(a) is determined by reference to the plaintiff's pleadings. The damages Plaintiff claims in its petition, if apparently claimed in good faith, are controlling. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). "Where . . . the petition does not include a specific monetary demand, [Defendant] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Only "expenses and costs" are excluded from the calculation of the matter in controversy. *See* 28 U.S.C. § 1332(a). Attorneys' fees are an element of the amount in controversy where their recovery is authorized by a statute under which the plaintiff sues. *H&D Tire & Auto. Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000), cert. denied, 534 U.S. 894 (2001).

11. Based on Plaintiff's Petition, there is more than $75,000.00, exclusive of interest and costs, in controversy in this lawsuit. The "matter in controversy" under 28 U.S.C. § 1332(a) is

determined by reference to Plaintiff's Petition, which states that "Plaintiff sues for monetary relief in excess of $1,000,000.00" from Defendant. *See* Exhibit "B" at ¶ 3.

12. Accordingly, the total economic damages and attorneys' fees being sought and in controversy are well within excess of the jurisdictional minimum amount in controversy because "Plaintiff sues for monetary relief in excess of $1,000,000.00" from Defendant. *See id.; see also* 28 U.S.C. § 1332(a).

13. In conclusion, diversity jurisdiction under 28 U.S.C. § 1332 is proper in this matter because (A) this is a civil action where complete diversity of citizenship exists between both parties, and (B) the matter in controversy exceeds $75,000, exclusive of interest and costs.

### III.   INFORMATION FOR THE CLERK

14. Pursuant to Local Rule 81, Defendants have attached the following documents to this Notice of Removal:

   (1) All executed process in the case, as **Exhibit "C";**
   (2) Pleadings asserting causes of action and answer to such pleading, as **Exhibits "B" and "D"** respectively;
   (3) The State Court docket sheet, as **Exhibit "E"**;
   (4) An index of the matters being filed, as **Exhibit "A"**; and
   (5) A list of all counsel of record, including addresses, telephone numbers and parties represented, as **Exhibit "F"**.

There have been no orders issued in the State Court Action.

15. Pursuant to Local Rule 3, Defendant has filed a completed Civil Action Cover Sheet (Form JS44) contemporaneously herewith.

16. Copies of all process and pleadings served upon Defendant in the State Court Action are attached to this Notice of Removal pursuant to 28 U.S.C. § 1446(a) as **Exhibits "C," "B" and "D,"** respectively. No orders have been issued in the State Court Action.

17. Pursuant to FED. R. CIV. P. 7.1(a), Defendant is filing a Certificate of Interested Parties and Corporate Disclosure Statement contemporaneously herewith.

### IV. PROCEDURAL REQUIREMENTS FOR REMOVAL

18. Defendant will promptly file a copy of this Notice of Removal with the Clerk of the 476th Judicial District Court of Hidalgo County, Texas, the state court in which this action is currently pending, pursuant to 28 U.S.C. § 1332(d).

19. A copy of this Notice of Removal is also being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

20. This Court is the proper district for this removal because the State Court Action is pending within this judicial district.

21. Accredited, the removing-defendant, is the only Defendant in this action; therefore, no consent to removal is required.

### V.   JURY DEMAND

22. Plaintiff demanded a jury trial in state court.

23. Defendant hereby requests a trial by jury in federal court as well. *See* FED. R. CIV. P. 38(B)(1).

### VI.   CONCLUSION

24. This is a civil action of which this Court would have had original jurisdiction under 28 U.S.C. § 1332(a) had Plaintiff chosen to file this action in this Court. Therefore, Defendant's removal of this civil action to this Court is proper under 28 U.S.C. § 1441(a) because it is an action between a citizen of Texas and a citizen or subject of a foreign state (here, Florida), the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and this Court is the district and division within which the State Court Action is pending.

WHEREFORE, Defendant respectfully requests that the above-entitled action be removed from the 476th Judicial District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division.

                        Respectfully submitted,

By:   */s/ Paige C. Jones*
       Paige C. Jones
       Attorney-in-charge
       Texas Bar No.: 24054609
       SDTX Bar No.: PRID35942
       paige.jones@phelps.com
       Alicia A. Murphy
       Texas Bar No.: 240950005
       SDTX Bar No. 2717568
       Alicia.murphy@phelps.com
       **PHELPS DUNBAR LLP**
       2102 E. State Highway 114
       Suite 207
       Southlake, Texas 76092
       Telephone: (817) 488-3134
       Facsimile: (817) 488-3214

       **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of this document has been served upon all counsel of record on this 3 day of March, 2026 in accordance with the Federal Rules of Civil Procedure.

    Timothy M. Hoch
    Texas Bar No. 09744950
    tim@hochlawfirm.com
    HOCH LAW FIRM, P.C.
    5616 Malvey Avenue
    Fort Worth, Texas 76107
    Telephone: (817) 731-9703
    Facsimile: (817) 731-9706

    **ATTORNEY FOR PLAINTIFF**

                                            */s/ Paige C. Jones*
                                            Paige C. Jones