Electronically Filed
1/21/2026 11:10 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

CAUSE NO. **C-0313-26-M** _____

| | | |
|---|---|---|
| **SK NOLANA, LLC** | § | **IN THE DISTRICT COURT§** |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **____ JUDICIAL DISTRICT** |
| | § | |
| **ACCREDITED SURETY AND CASUALTY** | § | |
| **COMPANY, INC.** | § | |
| | § | |
| *Defendant* | § | **HIDALGO COUNTY TEXAS** |

---

### PLAINTIFF'S ORIGINAL PETITION

---

SK NOLANA, LLC files this Petition for damages against **ACCREDITED SURETY AND CASUALTY COMPANY, INC.** for breach of an insurance contract, bad faith and violations of Texas Deceptive Trade Practices Act and the Texas Insurance Code and in support hereof would show the Court and Jury:

### I.

### PARTIES

1.      SK Nolana, LLC ("Plaintiff") is a Texas limited liability company with its principal place of business in Hidalgo County, Texas.

2.      Accredited Surety and Casualty Company, Inc. ("Defendant" or "Accredited") is an insurance company that is engaged in the business of insurance in Texas. Defendant may be served with process through its registered agent: Steven S. Bell, 12655 N. Central Expressway, Dallas, Texas 75243-1758.

### II.

**EXHIBIT**

**B**

Electronically Filed
1/21/2026 11:10 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0313-26-M**

## JURISDICTION AND VENUE

3.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiff sues for monetary relief in excess of $1,000,000.00 as per TRCP 47 (c) (3).

4.    Jurisdiction and venue are proper in this District Court because the property made the basis of the suit is located in Hidalgo County, Texas and facts giving rise to Plaintiff's causes of action occurred in Hidalgo County, Texas.

## III.

## DISCOVERY PLAN

5.    Plaintiff intends that discovery be conducted under a Level 3 plan pursuant to TRCP 190.4.

## IV.

## FACTUAL BACKGROUND

6.    Plaintiff owns a commercial retail center located at 131 West Nolana Avenue, McAllen, Texas 78504  (the "Property").

7.    The Property was insured by Defendant during all periods relevant hereto. Plaintiff purchased Policy Number 1ABPTX05127884803 from Defendant with an effective date of November 19, 2024 to November 19, 2025 (the "Policy"). The Policy insured Plaintiff's Property from a Covered Cause of Loss during the Policy period. On May 23, 2025, Plaintiff made a claim for property damage at the covered Property after a severe hailstorm damaged the Property on May 8, 2025. After receiving notice of the claim, Defendant hired North American Risk Services ("NARS") to investigate the loss. NARS, in turn, hired Provencher & Company, LLC ("Provencher") to investigate the claim. NARS also hired Envista Forensics ("Envista") to inspect

Electronically Filed
1/21/2026 11:10 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0313-26-M**

the Property and provide a report of its findings. According to its estimate, Provencher inspected the Location on June 9, 2025 and found there to be repairable damage to the roof, the HVAC units and the parapet walls. Envista inspected the Location on July 11, 2025 and issued a report dated August 1, 2025 ("Envista Report"). During Envista's inspection, the Envista engineer pointed out several areas of hail damage to the Insured's public adjuster specifically stating, "spiral fractures take a little time after a hail event to be visible to the naked eye."

8.      Despite acknowledging the presence of hail damage during its inspection, Envista's Report makes misleading and inconsistent statements. For example, the Envista Report confirmed the presence of 2.0 inch hail less than a half mile from the Location on May 9, 2025 (in line with the reported date of loss), which Envista acknowledges is "a size capable of damaging modified bitumen roofing."

9.      The Envista Report further states:

*"Envista observed indentations to the exhaust fans, roof top unit (RTU) covers, RTU condenser fins, and fractures to the EIFS along the north elevation of the building and portico coping."*

Envista even provides photographic evidence of this damage  (photos 3-6). Curiously, Envista offers no opinion as to the cause of this damage. Envista turns its attention to the modified bitumen membrane and states:

*"An evaluation of the roof membrane covering found an absence of roughly circular or oblong blemishes with concentric or radial surface punctures, indicating an absence of hail damage to the modified-bitumen membrane roof covering."*

This is not only inconsistent with the oral representations made by the Envista engineer, but the very photographs which are attached to the Envista Report also tell a different story. These photos (7-15, 20) show several hail-caused blemishes that are circular or oblong. Envista notes the presence of these blemishes but does not provide an opinion as to the cause. Envista blames almost

Electronically Filed
1/21/2026 11:10 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0313-26-M**

every possible cause for the damage (bird, grease, mechanical damage, standing water) but fails to provide any evidentiary support for these findings. In short, the Envista Report contains flimsy, misleading, and unreasonable bases to support Defendant's denial of the claim.

10.    On November 20, 2025, Plaintiff sent notice pursuant to the Texas Insurance Code of certain claims Plaintiff intended to pursue in the event that defendant failed to meet its obligations pursuant to the terms of the Policy, the Texas Insurance Code and Texas common law. Defendant failed to respond to the November 20, 2025 notice.

11.    Therefore, not only did Defendant miss the deadlines to promptly adjust the claim as set forth in the Texas Insurance Code, but Defendant also predetermined, or determined without any reasonable basis, that the damage was the not the result of a covered event.

12.    Defendant's substandard inspection, unilateral determinations, and failure to accurately inspect and adjust the claim, as well as the misrepresentations above, constitute textbook bad faith. Defendant was repeatedly provided with information sufficient to provide coverage and pay the claim. Defendant refused, and continues to refuse, to cover the full amount of the loss.

13.    Defendant, through its agents, adjusters and representatives engaged in acts that were solely designed to deny Plaintiff's legitimate claim. In denying Plaintiff's legitimate, covered claim, Defendant failed to abide by the Prompt Payment of Claims time limits set forth in Texas Insurance Code.

14.    Plaintiff provided Defendant with information sufficient to adjust and pay for the loss. In spite of the information presented by Plaintiff and the information obtained from any reasonable investigation, Defendant continued to deny the claim without any reasonable basis.

Electronically Filed
1/21/2026 11:10 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0313-26-M**

## V.

### FIRST CAUSE OF ACTION-BREACH OF CONTRACT

15.    Plaintiff contracted with Defendant for property and casualty insurance on the Property made the basis of this lawsuit.  As part of the contract for insurance, Plaintiff paid the Defendant premiums as required under the terms of the Policy.  Defendant agreed to "pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss."  The damage to the Plaintiff's Property was the type covered by the contract for insurance.

16.    Defendant breached the contract for insurance in one or more of the following ways:

(a)    Failing to pay full benefits due in a timely manner in accordance with the terms of the Policy;

(b)    Failing to provide a reasonable explanation of the basis for denying the claim; and

(c)    Failing to promptly and equitably pay the claim once liability had become reasonably clear.

17.    This breach of contract by the Defendant is a proximate cause of the damages suffered and to be suffered in the future by Plaintiff, for which Plaintiff now sues.

## VI.

### SECOND CAUSE OF ACTION-BREACH OF GOOD FAITH AND FAIR DEALING

18.    From and after the time the Plaintiff's claim was presented to Defendant, Defendant's liability to pay the claim in accordance with the terms of the Policy was reasonably clear.  Despite there being no basis on which a reasonable insurance company would have relied to deny payment of Plaintiff's claim, Defendant refused to accept the claim and pay Plaintiff.

19.    At that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear.  In this regard, Plaintiff will show that Defendant

Electronically Filed
1/21/2026 11:10 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0313-26-M**

failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying a valid claim.

20.     Consequently, Defendant breached its duty to deal fairly and in good faith with the Plaintiff. Defendant's breach was a proximate cause of the losses, expenses, and damages suffered by the Plaintiff as more specifically described below. These losses include a separate and distinct measure of damages which would not have been incurred but for the Bad Faith committed by Defendant.

21.     Plaintiffs seek exemplary damages in an amount to be assessed by the trier of fact caused by Defendant's bad faith.

## VII.

### THIRD CAUSE OF ACTION
### DECEPTIVE TRADE PRACTICES

22.     Plaintiff would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

23.     Violations of Section 17.46(b). Defendant violated Section 17.46(b) of the Texas Business and Commerce Code. Specifically, Defendant:

(a)     represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

(b)     represented that goods or services were of a particular standard, quality, or grade, or that goods were of a particular style or model, if they are of another;

(c)     represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

(d)     failed to disclose information concerning goods or services which was known

Electronically Filed
1/21/2026 11:10 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0313-26-M**

at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

24.    <u>Unconscionable Action or Course of Action</u>.    Defendant engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiffs to a grossly unfair degree.

## VIII.

## FOURTH CAUSE OF ACTION
## VIOLATIONS OF THE TEXAS INSURANCE CODE

25.    Defendant engaged in unfair claim settlement practices prohibited by Section 541.060 of the Texas Insurance Code.  Specifically, Defendant:

(a)    misrepresented to Plaintiff a material fact or policy provision relating to coverage at issue;

(b)    failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim even though Defendant's liability had become reasonably clear; and/or

(c)    failed to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the Defendant's denial of a claim or offer of a compromise settlement of a claim.

(d)    refused to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim;

(e)    failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to another claim under another portion of coverage.

26.    Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described herein below.

Electronically Filed
1/21/2026 11:10 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0313-26-M**

27.    Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code and Chapter 541 of the Texas Insurance Code were relied upon by Plaintiff to Plaintiff's detriment.

## IX.

## CONDITIONS PRECEDENT

28.    By letter dated November 20, 2025, Plaintiff gave Notice as required under the Texas Deceptive Trade Practices Act (Texas Business & Commerce Code Section 17.45 et seq) and the Texas Insurance Code Sections 541 and 542 et seq. All other conditions precedent to filing suit have been met, including Plaintiff's payment of the insurance premium to Defendant.

## X.

## AMBIGUITY

29.    The Policy in place at the time of the event made the basis of this suit contained patent and latent ambiguities concerning the terms of the policy. In addition, the Policy contained patent and latent ambiguities concerning the terms of the Policy governing the Plaintiff's duties after a loss.

## XI.

## WAIVER AND ESTOPPEL

30.    Defendant has waived or is estopped from asserting any coverage defenses, conditions, exclusions or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## XII.

## AGENCY

31.    At and during the time of the acts and/or omissions complained of herein, any acts

Electronically Filed
1/21/2026 11:10 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0313-26-M**

and/or omissions committed by an agent, representative or employee of Defendant, occurred within the scope of the actual or apparent authority of such person on behalf of said Defendant.

32.    Said Defendant is therefore liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## XIII.

## JURY DEMAND

33.    Plaintiff demands a jury trial and tenders the appropriate fee with this Petition.

## XIV.

## PRAYER

34.    For these reasons, Plaintiff asks that Defendant be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendant for:

(a)    Actual damages;

(b)    Reasonable and necessary attorney's fees;

(c)    Extra-contractual damages for Defendant's violations of the Texas Insurance Code and the Texas Insurance Code including exemplary and punitive damages for knowing violations:

(d)    Pre-judgment and post-judgment interest as allowed by law;

(e)    Costs of court;

(f)    All other relief, at law or in equity, to which Plaintiff may be entitled.

Electronically Filed
1/21/2026 11:10 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0313-26-M**

Respectfully submitted,

/s/Timothy M. Hoch
Timothy M. Hoch
Texas Bar No. 09744950
tim@hochlawfirm.com

HOCH LAW FIRM, P.C.
5616 Malvey Avenue
Fort Worth, Texas 76107
(817)731-9703
(817)731-9706 – facsimile

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lynn Dunavin on behalf of Tim Hoch
Bar No. 9744950
lynndunavin@yahoo.com
Envelope ID: 110290745
Filing Code Description: Petition
Filing Description:
Status as of 1/21/2026 11:17 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Lynn S.Dunavin | | lynn@hochlawfirm.com | 1/21/2026 11:10:21 AM | SENT |
| Tim Hoch | | tim@hochlawfirm.com | 1/21/2026 11:10:21 AM | SENT |